W. A. SMITHERMAN v. MORRIS PLAN BANK OF GREENSBORO, N. C., E. C. McLEAN, TRUSTEE, GURNEY P. HOOD, COMMISSIONER OF BANKS OF THE STATE OF NORTH CAROLINA, ON RELATION OF MORRIS PLAN BANK OF GREENSBORO, N. C., JOSEPH G. RUTLEDGE, LIQUIDATING AGENT OF MORRIS PLAN BANK OF GREENSBORO, N. C.; W. D. BARTLETT, BERTHA F. BARTLETT, AND A. W. SAPP, TRUSTEE, AND J. F. STEVENS, TRUSTEE.

(Filed 16 December, 1936.)

1. **Appeal and Error § 45e—**

Plaintiff's appeal from judgment of nonsuit presents the question whether plaintiff's evidence, taken in its most favorable light for him, is sufficient to entitle him to have it submitted to the jury.

2. **Mortgages § 39e—Evidence held sufficient to be submitted to jury in trustor's action for damages for wrongful foreclosure.**

Evidence that after substantial payments on the debt secured by the deed of trust, the *cestui* took possession of the property and collected the rents and profits, with demand for an accounting upon allegation that the rents were sufficient to pay the balance of the debt, *is held* sufficient to overrule the *cestui's* motion to nonsuit in the trustor's action for damages for wrongful foreclosure, although the intervention of the rights of innocent purchasers for value precludes trustor from setting aside the foreclosure.

APPEAL by plaintiff from *Rousseau, J.,* at April Term, 1936, of GUILFORD. Reversed.

The action was instituted to recover damages for alleged wrongful foreclosure of deed of trust on plaintiff's land, and for an accounting for payments and rents collected by defendants from plaintiff's land, alleged to have been sufficient to have paid the debt.

The defendants' answer alleges that the foreclosure was legal and proper, that it was duly advertised, and that the amount at which it was bid off, including taxes, was less than the debt due defendant bank, and that the title to the land has since been conveyed to innocent purchasers for value.

At the close of the evidence motion for judgment of nonsuit was sustained, and plaintiff appealed.

*N. L. Eure and Hoyle & Hoyle for plaintiff, appellant.*
*York & Boyd for defendants Morris Plan Bank of Greensboro et al.*
*Thos. J. Hill for defendants W. D. Bartlett and Bertha F. Bartlett.*

DEVIN, J. The plaintiff's appeal from the judgment of nonsuit presents the question whether the plaintiff's evidence, taken in its most favorable light for him, is sufficient to entitle him to have it submitted to the jury.

From the record before us, it appears that the plaintiff offered evidence tending to show that he borrowed from the defendant bank, in 1930, $2,000; that on 1 October, 1932, the amount had been reduced to $980.00; that thereafter he paid $100.00 at one time and $15.00 every two weeks until 5 April, 1933, when at the instance of defendant bank he turned over the rents on his property to be applied on the note; that the rents were thereafter collected each week by defendants; that in February, 1935, he was informed that the property had been sold in foreclosure under the deed of trust; that he had had no notice of foreclosure; that if he had, he would have arranged it; that ten dollars per week was collected from the rents.

Conceding that pursuant to the foreclosure sale the title to the property has passed to an innocent purchaser for value, it is apparent that the evidence of the plaintiff was sufficient to have entitled him to have it submitted to the jury under appropriate instructions, at least on the question of accounting with defendant bank and its successor, the defendant Commissioner of Banks, and there was error in entering judgment of nonsuit.

The judgment of nonsuit must be

Reversed.